# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| HALLIE SHORT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-CV-88 NAB ) |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Hallie Short's (Short) appeal regarding the denial of his application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). Short alleged disability due to high blood pressure, diabetes, depression, and anxiety. (Tr. 148.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] Based on the following, the Court will affirm the Commissioner's decision.

## I.   Issues for Review

Short presents one issue for review. He asserts that the administrative law judge's (ALJ) determination of his residual functional capacity (RFC) is not supported by substantial evidence.

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of Social Security. Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Nancy A. Berryhill for Carolyn W. Colvin in this matter.

The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II. Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the

criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

**III.    Discussion**

Short contends that the ALJ erred, because he did not include all of the limitations from the February 2014 statement of nurse practitioner Corrie Willis in the RFC determination. The Commissioner contends that although the ALJ noted that he gave greater weight to some of the limitations, he did not state that he gave the February 2014 statement controlling or word-for-word weight and the limitations were accounted for in the RFC.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[2] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant

---

[2] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

evidence in the record." 20 C.F.R. § 404.1527(b)[3]; *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

The ALJ found that Short had the severe impairments of recurrent supraventricular tachycardia, cardiac conduction disorder, hypertension, diabetes, obstructive sleep apnea, depression, anxiety, and morbid obesity. (Tr. 14.) The ALJ determined that Short had the RFC to perform light work with the following limitations: (1) cannot climb ladders, ropes, or scaffolds; (2) occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; (3) avoid concentrated exposure to smoke, fumes, dusts, and gases; (4) avoid hazards such as dangerous machinery or unprotected heights; (5) perform simple and routine tasks throughout the day; (6) occasionally interact with supervisors and co-workers (no more than one-third of an eight hour work day); and (7) non-public setting with no requirement to be around or communicate with the general public on behalf of the employer. (Tr. 17.)

The point of contention here is nurse practitioner Corrie Willis' February 2014 Medical Source Statement Mental (MSSM). (Tr. 256-57.) Willis is Short's mental health treatment provider. In the February 2014 MSSM, Willis opined that Short was moderately limited and markedly limited in most areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (Tr. 256-57.) The ALJ did not assign the same weight to all of the statements within the February 2014 MSSM. Overall, he assigned partial weight to the February 2014 MSSM. (Tr. 22.) Specifically, the ALJ gave little weight to Willis' findings that Short was moderately limited in carrying out short and simple work instructions and markedly limited in remembering locations and work-like procedures, working in coordination

---

[3] The Court notes that this social security regulation has changed effective March 27, 2017. Because this claim was filed in March 2013, the Court will use the prior version of the regulations effective at the time that Short's application for benefits was filed. *See* 20 C.F.R. §§ 404.614, 404.1527 (version effective March 27, 2017).

with or proximity to others without being distracted, asking simple questions, requesting assistance, traveling in unfamiliar places, and using public transportation. (Tr. 22.) The ALJ found that these findings were not entirely consistent with the mental status examination findings or Short's various activities of daily living. (Tr. 22.) The ALJ said he was giving greater weight to Willis' findings that Short was moderately limited in maintaining attention and concentration for extended periods[4], sustaining an ordinary routine without special supervision, making simple work-related decisions, interacting appropriately with the public, getting along with co-workers, responding appropriately to supervisors, and responding appropriately to work setting changes. (Tr. 22-23.) The MSSM defined moderate limitations as "impairment levels are compatible with some, but not all, useful functioning." (Tr. 256.) The ALJ stated that those findings were considered consistent with the weight of the evidence of record, including Short's activities of daily living. (Tr. 23.) The ALJ also stated that those moderate limitations were accounted for in the RFC by restricting Short to simple and routine tasks with limited social contact in a non-public setting. (Tr. 23.)

Short contends that the ALJ's nonexertional limitations[5] of simple and routine tasks throughout the day; occasional interaction with supervisors and co-workers (no more than one-third of eight hour work day) in a non-public setting with no requirement to be around or communicate with the general public on behalf of the employer were insufficient to accommodate the moderate nonexertional limitations that the ALJ assigned greater weight to in the MSSM. Based on a review of the record as a whole, the Court does not find an error in the RFC determination.

---

[4]The February 2014 MSSM actually stated that Short was "not significantly limited" in the ability to maintain attention and concentration for extended periods. (Tr. 256.) The parties acknowledge this transcription error in their briefing.
[5]"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Sanders v. Sullivan*, 983 F.2d 822, 823 (8th Cir. 1992).

Short has not met his burden to show that the nonexertional limitations do not encompass the limitations that the ALJ found credible. First, moderate limitation does not mean that the claimant cannot function at all in the area. Using the definition of moderate limitation contained in the MSSM, Short is able to perform some functions in the areas identified as moderate. *Roberson v. Astrue*, 481 F.3d 1020, 1024-1025 (8th Cir. 2007) (moderate limitation, as defined on the form itself, did not prevent individual from functioning satisfactorily). Second, the ALJ is not required to copy the exact wording of the limitation contained on the checklist form. The court finds that the limitation of "simple and routine work" in conjunction with the limitations of interactions with others account for the limitations found credible by the ALJ. The nonexertional limitations that the ALJ assigned "greater" weight to- making simple work related decisions, responding appropriately to changes in the work setting, limited or no interaction with the public, supervisors, and co-workers and sustaining an ordinary routine without supervision are adequately covered in the RFC determination[6].

Finally, Short states that the hypothetical question to the vocational expert did not include all of the limitations caused by his impairments; therefore, the testimony did not constitute substantial evidence. "Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). "[T]he ALJ's hypothetical question must include the impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* "However, the hypothetical need only include those impairments which the ALJ accepts as true." *Grissom v. Barnhart*, 416 F.3d 834, 836 (8th Cir. 2005). A "hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies." *Pickney*, 96 F.3d at 297. The Court has

---

[6] The Court will not consider the ALJ's citation error regarding Short's ability to maintain attention and concentration for extended periods as Willis found that Short was not significantly limited in this area. (Tr. 256.)

already determined that the RFC determination was supported by substantial evidence. Because the ALJ needed only to include those limitations that were supported by substantial evidence in the hypothetical, the VE's testimony co nstituted substantial evidence. *See Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (hypothetical that included the ability to do only simple routine tasks that do not require close attention to detail or work at more than regular pace is sufficient to cover limitations found credible by the ALJ).

## IV. Conclusion

As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* A review of the record as a whole demonstrates that Short has some restrictions in his functioning and ability to perform work related activities, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 15, 19.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Nancy A. Berryhill for Carolyn W. Colvin in the court record of this case.

Dated this 29th day of March, 2017.

                                                      /s/ Nannette A. Baker
                                                 NANNETTE A. BAKER
                                                 UNITED STATES MAGISTRATE JUDGE